and therefore turn to the next matter on today's calendar, Buckskin Realty v. Greenberg, 19-3828. Mr. Keynes. Frederick Keynes to the appellant, Buckskin Realty, Inc. May it please the court. This appeal comprehends three questions. One, whether Buckskin timely appealed the bankruptcy court's order denying its motion for reconsideration of its order that overlooked arguments made in the first motion for reconsideration. Whether Buckskin can state a cause of action in legal malpractice against the Greenbergs, who did not make the dispositive argument to the state court that the foreclosing plaintiff with an assumed corporate name failed to provide it with jurisdiction by not paying a registration fee in the New York Secretary of State in compliance with general business law section 130b1. Whether under Stern v. Marshall, the bankruptcy court, by failing to ask for Buckskin's consent, lacked jurisdiction in a matter that did not arise either under Title XI or in the bankruptcy case. Firstly, the bankruptcy court granted Buckskin's first motion for reconsideration ruling that had indeed overlooked some of Buckskin's arguments. Buckskin timely filed the second motion seeking reconsideration only of the disposition of the overlooked arguments. After the last motion was denied, Buckskin timely appealed. The district court heard by ruling that Buckskin had to appeal the denial of its first motion and could not hold the time further. If Buckskin had appealed, it would have deprived the bankruptcy court of jurisdiction to consider the second motion for reconsideration, which could have been dispositive. Buckskin should not be punished for trying to avoid burdening this court with an appeal if resolution to be obtained in the lower court. If anything, Buckskin should receive approbation for trying to conserve a scarce judicial resource. The district court. Well, we've said, I mean, we've said in the Glinka case, which you say we shouldn't apply here, I suppose, that you can't just have continual motions for reconsideration. I mean, if you had then filed a third motion for reconsideration, is your position that it also would have told the deadline? I mean, is there a limit to the number of motions that can be filed to extend the deadline for appeal? Um. I don't think it would have told, because the, I really don't believe that would have. So then you're saying that the second motion for reconsideration should have told the deadline, but if you had filed a third, it should not have. So what would the difference, what would the difference be between the second and the third? The court wouldn't rule on a preliminary ruling. I think this is a different matter because although a jurisdictional argument, the state court was not barred by the default judgments as it cannot be waived. It was the malpractice for the Greenbergs not to make the argument. As a ready- Okay. All right, so let me just ask a different question. So, you said that the bankruptcy court didn't have jurisdiction over the malpractice claim. So you filed the malpractice claim in bankruptcy court, right, and never said anything about the Bank Street Court not having jurisdiction over it. So why didn't you file the malpractice claim in state court as a separate action? It was filed. If you didn't want it to be resolved by the bankruptcy court. It was filed, and it was not heard. It was dismissed because they misinterpreted the order. The court has already, one of the three or four judges in that county resigned. The second one was removed. The third is currently, I believe, in appeal. So, the procedures that were utilized were all according to the court rules. And the fact of the matter, is that there was no defense ever presented that went to this matter. The fact- No, I understand that. I understand your arguments and merits, but it's not, but it's still accurate that you filed your malpractice claim against Greenberg in the bankruptcy court, right? Correct. Right. So why shouldn't we understand- Sorry, go ahead. Originally what? Because, because of the fact that the bankruptcy court became involved was because of the original ruling that my client was one hour late in filing the bankruptcy stay, even though the attorneys were made a notice of it and my client's attorney was present at the time. The fact is- All right, so you're saying you filed in the bankruptcy court because you had reason to think you couldn't get a fair hearing in the state court. Is that basically- No, no. We were basically forced into the bankruptcy court in order to get a stay of the the fact that they filed a deed that was improper from the very beginning. At that time, as you know, the laws changed. This was originally brought, oh, about at least seven years ago or so. And as you know, we can't argue a law that didn't exist at that time, but we never agreed to the jurisdiction. We- Okay, so let me just focus on that for a second. So I appreciate the other points, but you say you never agreed to the jurisdiction, but you didn't object to the bankruptcy court's jurisdiction until after it had rendered a judgment on the issue, right? It was a- Do you agree with that point, that you don't think the bankruptcy court has jurisdiction to decide the malpractice claim? I'm not saying that. I'm not saying that. I'm saying that what transpired were not taken in the proper order or in the proper method. At no time ever was a merit put up a defense, because the law is absolutely clear, absolutely clear that in New York State, you cannot file in any court a fictitious name. All right, well, so that's your malpractice, your malpractice claim. So let me just ask one last question about that. So you said that it's, since it's not, it's fictitious, but didn't the state court find that the board of the Homeowners Association was authorized by the bylaws and Declaration of Covenants to act on behalf of the Homeowners Association? There is a board, right? And those are people who run the Homeowners Association and the bylaws authorized them to act on behalf of the Homeowners Association. So- The board- Why wouldn't they be allowed to walk into court on behalf of the Homeowners Association and exercise its right? Because my client was the board. He established the company and there never was a board that was created that could do that. My client controlled the entire vote of the board at all times. So how could they go in with a different name? The reason only, there was only one reason why they went in with the fictitious name was to fall under the laws regarding the difference between a association, a Homeowners Association, and a corporation. They came under 319, I believe it was, of the real estate law that way, which they never had the right to do. There is no provision. If you are a fictitious entity and the original, if I could go on, I could go into more detail, but- Can I jump in on that point exactly? This is a judge committee. Judge committee. I understand you'd be saying that the board of directors of the Homeowners Association didn't have a separate legal existence pursuant to which it could act in court, but the Homeowners Association itself is incorporated. Are you challenging that, that this is a duly incorporated entity under New York law? Am I challenging the fact that the Homeowners Association was a duly founded entity? No. Okay, so even if you were right about the board of directors, the remedy would have been simply to amend the caption, right, and just substitute the- No, no, no, they could. Amending the caption was the whole issue of the matter. You can't amend the caption. The decision was wrong from every aspect. The board, the Homeowners Association, was prevented from putting a lien on in the first place, number one. Number two, the fact is they had no position whatsoever. They weren't allowed in a courtroom with a fictitious name. It's clear in the New York state law. And when you say a fictitious name, you mean the reference to the board as opposed to the Windmont Homeowners Association, Inc.? Correct. Right, okay. Yeah, so moving on to the Glynka, or moving back to the Glynka issue, I understand you, I think I read your papers to try to distinguish Glynka on the basis that Glynka involved successive motions for reconsideration that simply rehashed the same argument, and that you offer the distinction that your motions for reconsideration raised different arguments and responded to a different argument, or a different principle that the court had invoked on ruling on the first motion. Am I understanding your argument correctly? And if so, two questions. One, where does that legal distinction find support in the case law? And two, just factually, what is it about your two motions for consideration that really makes them different from one another? The law changed, and the case law changed, and we had to take that into effect. You know at no time do you lose personal jurisdiction. There was never a merited claim by the attorneys for the Greenbergs. There never was a defense put in at any time with any arguments that were substantive. We properly appealed the ruling, and the judge turned us down because it was, he said, an interim ruling. And we appealed that properly and within the timeframe. But the timeframe isn't told at any time we could open this. Again, you go back to the Drexler matter, you go back to the fact that in the foreclosure action, the Board of Directors of Windermere Homeowners Association on behalf of its unit owners, that was 15 words. The real party in interest was Windermere Homeowners Association, Inc., which only has four words in it. The rule of misnomer or technical errors does not comprehend enlarging a legal corporate name. By adding 11 additional words, a New York corporation may only have one name. Mr. Keynes, this is Charles Lillier. Can I ask you just a few discreet questions? Sure. The first has to do with your argument relating to whether or not this was a core proceeding. And I think you extrapolate from your argument that this is not a core proceeding, certain things that the district court should and should not have done. Am I right about the general argument? Correct. Yes. Did you actually make the argument? Because as I understand it, the bankruptcy court explicitly described or characterized the proceeding as a core proceeding, I guess for purposes of stern. Did you argue at that point that it was not a core proceeding? And if so, where did you make that argument? Your Honor, I believe, and I wasn't the attorney in the original situation. But you have the record before you. So where did you make that argument if you made it? And if you didn't, tell me that. That's fine too. My legal assistant, my clerk, is on the line. Since he was- So you have two minutes for rebuttal. So on the rebuttal, I'll let you answer that question. And then the second question is, let's assume, just assume, that Glinka forecloses the argument that you have made about tolling. Is there a way, if that assumption holds, just again, an assumption, is there a way for you to prevail? In other words, when the district court then said that your appeal was untimely to the district court, how can you prevail? Hello? How could we prevail? Because the whole matter was wrong from the beginning. Okay. That doesn't really answer the timeliness issue, but it's because of the substance. Okay. Well, thank you very much, Mr. Keynes. You've reserved two minutes for rebuttal. And we'll hear from Mr. Fuhrman, and then we'll come back to you. All right? Thank you. Mr. Fuhrman. May it please the court, I just wanna make sure that you can hear me before I start. Yes. Okay, thank you. I just wasn't sure if I had hit the mute button correctly. Good morning, and thank you for the opportunity. I don't expect to take too much time at all. Most of my arguments have essentially been made for me. But one thing I don't wanna lose sight of is the profoundly, in some ways, ironic and profoundly unmeritorious claims against my client, who has now been named in a lawsuit for many, many years now. And we're trying to get this finally resolved. The Buxkin's flouting of procedures dates now over a decade. It starts out with the very beginning of this, which is the failure to pay the Homeowners Association. Clearly, as the state court had ruled and found, Buxkin was aware, had been served with the complaint, was aware of the foreclosure action, never took any action to deal with the case, was refused an extension of time to answer, never appeared. And all of those things are part of the record in Judge Plotkin's decision, where she refused to vacate the default. Well, I mean, it made some effort, right? I mean, your client actually argued that it should have been excused from the default judgment. Well, that's right. My client, yes, Your Honor. My client was hired after the default, several months after the default was entered. And my client tried to make the argument that because there had been some settlement discussions ongoing, that that was a reasonable excuse to allow the court to vacate the default. But those arguments were rejected. And it wasn't until several years later that when Buxkin was in bankruptcy court, that an adversary proceeding was filed against my client with the argument, which is, again, completely lacking in merit, that my client should have raised an argument that because the caption was essentially wrong, because the board of directors of the association, as opposed to the association, was named as the plaintiff, that that would have forced the court, as a matter of law, then to vacate the default. That's wrong under the CPLR. It's wrong under- I mean, was the caption wrong? I mean, do you agree with that? I do agree with that. It was the association that had the contractual right to proceed against Buxkin, which lends itself to the argument in Drexler, which Buxkin tries to argue, which is inapplicable here. This isn't a situation where the contract was between one party that was a non-entity and a party that was. There's no argument here that the contract was valid between the association and Buxkin, and Buxkin failed to pay and was in breach of that contract. The only issue was that- But am I right on this point that the board is authorized by the association's bylaws to act on behalf of the association? Absolutely. Absolutely. And that gets to the point of how unmeritorious this is. Okay, well, so that's about the merits of the malpractice claim, but let me just ask you about the other issues. And that, in a way- Sorry, just putting this aside. So do you agree that the malpractice claim is not core to the bankruptcy proceeding? Well, I mean, it would be a core proceeding because it relates directly to, as Unmeritorious said- A core proceeding? I mean, we've said that core proceedings are those that clearly invoke substantive rights created by federal bankruptcy law or would have no existence outside of the bankruptcy. I mean, is a malpractice action against a law firm for conduct that happened before the bankruptcy, is that really core to the proceeding? Why would that be? Well, and that does happen from time to time when there's an allegation that the bankruptcy was forced by some error by the lawyer, then it would be deemed a core proceeding. That was something that was not challenged by either party in the case. My clients moved immediately in the bankruptcy court to dismiss all the merits. And the plaintiff, the buckskin, never objected to the finding that it was a core proceeding. Yeah, no, so I get it. I get it. It's a separate question as to whether anybody raised the argument or objected. My question is just on the question itself. Do you think it was a core or non-core proceeding? I would say that you would probably land on the side that it would be because the argument, again, I don't adopt it. The plaintiff's argument would be that they would not have been in this position to be able to pay a debt and be in bankruptcy, but for this lawyer's malpractice. So that would be the argument. So normally a malpractice suit would not be a core proceeding, but because this malpractice was alleged to be the triggering event of the bankruptcy, it should be considered a core proceeding. Correct. And that's why over the years that I've been defending lawyers, I often find myself in bankruptcy court for that very reason, is that the debtor is claiming that because of an error by a lawyer, they're forcing them into this predicament and an opportunity for them to find... Well, there's no question that it can be considered in a bankruptcy proceeding. I just think the question is whether it's core, but I guess I have the argument. If it weren't, let's just assume for the moment that it's not core, do you think that the conduct of Buckskin in this case would be consent to the bankruptcy court's jurisdiction? I'm not sure of that. I'd have to ask Ruth because I didn't anticipate that question. That was a good one. But I didn't think that's true because we've been in this predicament where it's been deemed a core proceeding and then we've been living our lives in this case with that as a position that was uncontested by either party. So I'd have to think about that. I'm not really sure how to answer that. But unfortunately, the reality is that since it was deemed a core proceeding and in a way really ironic here, the plaintiff never filed an appeal until after a year to the district court. Instead, they moved successive times over and over rehashing essentially the same arguments to the bankruptcy court. And it was only after the second... Okay, I get that. So I just wanna have one last question. So Bufskin's reading of rule 8002B about tolling the time to appeal, doesn't their argument, isn't that consistent with the text of that rule? I mean, the rule says the time will not begin to run into the last such remaining motion of those listed in the rule, one of which is a motion for reconsideration. So wasn't their second motion for reconsideration the last such remaining motion? So why shouldn't that toll the appeal deadline under the rule? That's what the text seems to suggest, doesn't it? Well, it would suggest that except that there has to be some finality, that's what GLINKA stands for. And here, the motions for reconsideration, the first and the second, which is mirror arguments, the same rehashing of the same arguments over and over. So it certainly would not... So if the motion for reconsideration had new or different arguments, then it should be told? I think that then that would be a stronger argument for saying that, irrespective of the time to appeal. Well, Bufskin in this case said, they did their first motion for reconsideration and the court said, oh, we did overlook two arguments. And then they did a motion for reconsideration the second time and said, well, now that you've decided those issues, we think you should reconsider the way you decided them. Wouldn't that be something new that they couldn't have done on the first motion for reconsideration? Because the court had yet to address those arguments. But then what would... I'm just to be the devil's advocate on that question. What was there for Bufskin? What prevented Bufskin from then, after the first order to file a notice of appeal? There was nothing to stop them from doing that. I understand that. All right. Thanks very much. I appreciate it. Judge Committee? I don't have any additional questions. And Mr. Furman, I just wanna make sure that I understand, you are relying on NNCA. You said something that was, to me at least, slightly confusing, but you are not retreating from the argument that you've made based on NNCA as foreclosing the argument made by Mr. Keynes relating to the timeliness of the notice of appeal here. Is that right? That's correct, Your Honor. Okay. All right.  You've got two minutes for rebuttal, and go ahead. Your Honor, it all goes back to the original statement. If you or anyone got sued by Mickey Mouse, clearly a fictitional character, you have no responsibility whatsoever to respond. It is a non-entity. So that we will put in a completely impossible, my client was put in a completely impossible situation. All Mr. Greenberg had to do was check the certification with the state, which is what anybody would do, any attorney would do. Mr. Judge Committee, jumping in, the CPLR provides a time limit for objections to a party's capacity to sue, which implies that you actually have a duty to speak up on that issue, and your client didn't meet that deadline, right? No, there is no duty. It was a non-existent entity. There is no duty at any time to respond to a non-entity. Can I ask you about this question about the court proceeding? So opposing counsel has just said that the bankruptcy court said it was a court proceeding, and you at no time objected to that characterization, and everyone proceeded on the understanding that it would be treated as a court proceeding. Is that accurate? I believe so. Okay, so you're saying that you did accept the bankruptcy court's decision that it was a court proceeding and should be treated that way. I'll be perfectly honest. I don't know, and I don't think it makes a difference. I really don't, because of the court. Well, just jumping in on that, I asked you a question, and I gave you some time to ask, I guess, your assistant there to find where you have, where you contested that it was a court proceeding, and I take it from your answer that you were not able to find that. No, I've not been able to get from my... Okay. So then can you just explain why... You're right on that, I'd be hurt. I'm his assistant. We're not... No, no, no, no, no, no, no, no, no, no. Thank you. Thank you. Mr. King, Judge Sherman, actually, go ahead. Yeah, so why don't you just explain your view that it doesn't make a difference that you didn't object, which you just asserted that it doesn't make a difference that you didn't object to the decision that it would be treated as a court proceeding, and I'm asking why it doesn't make a difference. I mean, everybody agrees that you can consent to an adjudication by the bankruptcy court, and so if you just went along with the bankruptcy court's decision to treat it as a court proceeding, why wouldn't that be consent,  to this adjudication and that it's a court proceeding? And the bankruptcy court could enter a final judgment. Because we appealed. All right, that makes sense. Okay, okay, I get it. Okay, thank you, I appreciate that. Okay. I'm gonna give you 30 more seconds, Mr. Kings, just to wrap things up, and then we'll move on. As I said, you're right. Yeah. The facts stand on their own. At no time ever was my client sued by a real entity, and you cannot get a decision in any court in New York on a non-existing entity. And the facts speak for themselves. At no time did Mr. Greenberg make the simplest observation, and that is the basis of the entire matter. You can't be sued by a fictitional character. Thank you very much. We will reserve decision in this matter, and we'll turn.